JS 44 (Rev. 12/07) (cand rev 1-16-08)

**CIVIL COVER SHEET** EDU

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| HANSEN, PATRICK    E-filing | CENTIMARK CORPORATION |

**(b)** County of Residence of First Listed Plaintiff CONTRA COSTA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Charles W. Herf (State Bar No. 063800)
Quarles & Brady LLP
Renaissance One, Two North Central Ave
Phoenix, AZ 85004-2391, (602) 229-5200

Attorneys (If Known)

(See Attachment)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                  and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | 26 USC 7609 | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

Transferred from
☐ 5 another district
(specify)

☐ 6 Multidistrict
Litigation

Appeal to District
☐ 7 Judge from
Magistrate
Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. §§ 1332(a)(1), 1441

Brief description of cause:

Declaratory judgment and injunction relief regarding certain rights and duties under employment agreement.

**VII. REQUESTED IN
COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes ☒ No

**VIII. RELATED CASE(S)
IF ANY**

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".   CentiMark v. Tecta America, et al., U.S.D.C. W.D. Pa., No. C-08-593-WLS-FXC

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE
May 23, 2008

SIGNATURE OF ATTORNEY OF RECORD

## HANSEN v. CENTIMARK CORP.

### ATTACHMENT TO CIVIL CASE COVER SHEET

Attorneys for Defendant CentiMark Corporation:

Peter S. Russ (Cal. State Bar No. 147829)
BUCHANAN INGERSOLL & ROONEY
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
(412) 562-8800

David A. Gabianelli (Cal. State Bar No. 158170)
Andrew L. Chang (Cal. State Bar No. 222309)
SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Ste. 300
San Francisco, CA 94111
(415) 954-0200

1  David A. Gabianelli (State Bar No. 158170)
   Andrew L. Chang (State Bar No. 222309)
2  SQUIRE, SANDERS & DEMPSEY L.L.P.
   One Maritime Plaza, Suite 300
3  San Francisco, CA 94111-3492
   Telephone: +1.415.954.0200
4  Facsimile:  +1.415.393.9887
   Email:    dgabianelli@ssd.com
5  Email:    achang@ssd.com

6  Attorneys for Defendant
   CENTIMARK CORPORATION
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 PATRICK HANSEN,                          Case No.

12         Plaintiff,                       **NOTICE OF REMOVAL OF ACTION**
                                            **UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**
13    vs.

14 CENTIMARK CORPORATION,

15         Defendant.

16

17       TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN

18 DISTRICT OF CALIFORNIA:

19       PLEASE TAKE NOTICE that Defendant CentiMark Corporation ("CentiMark"), by and

20 through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332 and 1441, hereby removes to

21 this Court the state court action described below:

22       1.    Plaintiff Patrick Hansen ("Hansen") commenced a civil action against CentiMark

23 on or around April 23, 2008 in the Superior Court of the State of California, County of Contra

24 Costa styled as *Patrick Hansen v. CentiMark Corporation*, Case No. L08–03485 (the "State Court

25 Action").

26       2.    The first date upon which CentiMark received a copy of the said complaint was on

27 April 24, 2008, when CentiMark's registered agent was served with process in the State Court

28 Action via certified mail.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) - CASE NO. _____

1    3.    Attached hereto as Exhibit A are copies of all process, pleadings, and orders that
2    have been served to date upon CentiMark in the State Court Action.

3    4.    Federal jurisdiction exists based upon diversity of citizenship between Hansen and
4    CentiMark under 28 U.S.C. § 1332.

5    5.    Removal is authorized because the State Court Action is a civil action over which
6    this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that Defendants may
7    remove to this Court pursuant to the provisions of 28 U.S.C. § 1441(a).  In particular, the State
8    Court Action is a civil action between citizens of different states, and the amount in controversy
9    exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

10    6.    Diversity of citizenship existed at the time that Hansen commenced the State Court
11    Action, and continues to exist as of the time of removal.

12    7.    Hansen was and is a citizen of the State of California.  *See* Complaint for
13    Declaratory and Injunctive Relief, ¶ 2.

14    8.    CentiMark was and is a Pennsylvania corporation with its principal place of
15    business in Canonsburg, Pennsylvania and is the only defendant named in the State Court Action.
16    *Id.* at ¶ 3.

17    9.    Although the Complaint in the State Court Action does not expressly state the
18    amount in controversy, it is apparent from the allegations contained therein that the amount in
19    controversy exceeds $75,000.  At issue is CentiMark's right to enforce the terms of Hansen's
20    employment agreement (which calls for annual compensation well in excess of $75,000) and to
21    prevent Hansen from divulging valuable trade secrets, confidential information, and business
22    strategies to a primary competitor of CentiMark.  Absent an injunction, Hansen's misconduct will
23    cause damages and/or harm to CentiMark well in excess of $75,000.

24    10.    CentiMark is therefore entitled to remove the State Court Action to the United
25    States District Court for the Northern District of California, the district court for the district and
26    division embracing Contra Costa County.  *See* 28 U.S.C. § 1441(a).

27    11.    Counsel for CentiMark will serve copies of this Notice of Removal upon
28    (1) counsel for Hansen and (2) the Clerk of the Superior Court of Contra Costa County, California

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111-
3492

- 2 -
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) - CASE NO. _____

1   in accordance with the provisions of 28 U.S.C. § 1446(d).

2          WHEREFORE, Defendant CentiMark Corporation respectfully request that this Court

3   assume full jurisdiction over this action as if Plaintiff Patrick Hansen had originally commenced

4   the same with this Court.

5   DATED:      May 23, 2008                      Respectfully submitted,

6                                                 SQUIRE, SANDERS & DEMPSEY L.L.P.

7

8                                                 By: _____

9                                                        David A. Gabianelli

10                                                Attorneys for Defendant
                                                  CENTIMARK CORPORATION

11  OF COUNSEL:
    Peter S. Russ
12  Gregory J. Krock
    Buchanan Ingersoll & Rooney
13  One Oxford Centre
    301 Grant St., 20th Floor
14  Pittsburgh, PA 15219-1410
    Telephone:   +1.412.562.8800
15  Facsimile:   +1.412.562.1041

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111-
3492

- 3 -
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) - CASE NO. _____

04/24/2008  07:30   925-945-1771          CARSON ATTORNEY SVC                 PAGE  04/26

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**   CENTIMARK CORPORATION
*(AVISO AL DEMANDADO):*

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| FILED |
| 2008 APR 23 P 1: 54 |
| A. Labat |
| 4/24/08 2:25 PM |

**YOU ARE BEING SUED BY PLAINTIFF:**   PATRICK HANSEN
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* | **CASE NUMBER:** <br> *(Número del Caso):*   **L 0 8 - 0 3 4 8 5** |
| --- | --- |

Superior Court of California, County of Contra Costa, Martinez Superior Court
Wakefield Taylor Courthouse, 725 Court Street, Martinez CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Charles W. Herf, Quarles & Brady LLP, Renaissance One, Two North Central Avenue, Phoenix, AZ
85004-2391, Telephone: (602) 230-5581, Facsimile: (602) 229-5690

| DATE: **APR 23 2008** | Clerk, by _____ **A. Labat** | , Deputy |
| --- | --- | --- |
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  Centimark Corporation

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> American LegalNet, Inc. <br> www.USCourtForms.com |
| --- | --- | --- |

04/24/2008  07:30    925-945-1771              CARSON ATTORNEY SVC              PAGE  05/26

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Charles W. Herf - #063800, Quarles & Brady LLP<br>Renaissance One, Two North Central Avenue<br>Phoenix, AZ 85004-2391 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO: (602) 230-5581    FAX NO.: (602) 229-5690<br>ATTORNEY FOR (Name): PATRICK HANSEN | FILED |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa<br>STREET ADDRESS: 725 Court Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Martinez CA 94553<br>BRANCH NAME: Martinez Superior Court - Wakefield Taylor Courthouse | 2008 APR 23 P 1: 53<br><br>SUPERIOR COURT<br>CONTRA COSTA<br>Deputy Clerk<br>A. Labat |

| CASE NAME:<br>PATRICK HANSEN v. CENTIMARK CORPORATION | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| Unlimited ☐   Limited ☒<br>(Amount         (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | Counter ☐   Joinder ☐<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **L08-03485**<br>JUDGE:<br>DEPT: |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.463) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35)<br>**Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☒ Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition (not specified above) (43) |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☐ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 22, 2008

Charles W. Herf
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    CIVIL CASE COVER SHEET                    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

File by fax

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

HANSEN VS CENTIMARK

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSL08-03485

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  09/10/08       DEPT:  22        TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.   If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

  a.  an order establishing a discovery schedule
  b.  an order referring the case to arbitration
  c.  an order transferring the case to limited jurisdiction
  d.  an order dismissing fictitious defendants
  e.  an order scheduling exchange of expert witness information
  f.  an order setting subsequent conference and the trial date
  g.  an order consolidating cases
  h.  an order severing trial of cross-complaints or bifurcating
      issues
  i.  an order determining when demurrers and motions will be filed

                           SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

          Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.
                                                       A. Labat

Dated:  04/23/08          _____
                                 A. LABAT, Deputy Clerk



QUARLES & BRADY LLP
CHARLES W. HERF, (Bar No. 063800)
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
Telephone: (602) 229-5200
Facsimile: (602) 229-5690

Attorneys for Plaintiff
PATRICK HANSEN

FILED

2008 APR 23  P 1: 54

A. Labat

SUMMONS ISSUED
PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT ____

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

PATRICK HANSEN,

    Plaintiff,

    v.

CENTIMARK CORPORATION.

    Defendant.

CASE NO. ____ **L 0 8 - 0 3 4 8 5**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

File by Fax

Plaintiff Patrick Hansen ("Plaintiff" or "Hansen"), by and through undersigned counsel, for his Complaint against Defendant Centimark Corporation ("Centimark"), hereby alleges as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for a declaratory judgment brought pursuant to California Code of Civil Procedure § 1060, seeking a declaration that the noncompetition and nonsolicitation provisions of an agreement to which Plaintiff is purportedly subject to are void and unenforceable.  Plaintiff seeks such declaration and an injunction against any attempted enforcement of such provisions by Defendant on an expedited basis.

QUARLES & BRADY
LLP
ATTORNEYS AT LAW

QBACTIVE\6197184.2

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## THE PARTIES AND JURISDICTION

2.    Plaintiff Patrick Hansen is a resident of San Ramon, California and has resided in the State of California at all relevant times.

3.    Defendant Centimark Corporation is a Pennsylvania corporation with its principal place of business located in Canonsburg, Pennsylvania.

4.    The acts and events which have given rise to this action occurred within the County of Contra Costa, and are governed by California law.

5.    Venue is proper in Contra Costa County.

## GENERAL ALLEGATIONS

6.    Centimark is one of the largest commercial and industrial roofing contractors in North America.

7.    Centimark markets, sells, installs and services roofs and roofing systems throughout the United States and Canada, primarily to commercial and industrial customers.

8.    Hansen was hired by Centimark in approximately January of 2003 as a National Accounts Manger, and remained employed in such position until he resigned just before filing of this action.

9.    In this position with Centimark, Hansen was based in California and was responsible for customer service, sales and marketing in California.

10.    At the commencement of his employment and with Centimark as a condition thereof, Hansen was required to sign an "Employment and Noncompetition Agreement" ("Agreement") with Centimark. A copy of the Agreement is attached hereto as Exhibit A.

11.    The Agreement contains various provisions which purport to severely restrict Hansen's employment opportunities following the termination of his employment from Centimark. Paragraph 3.2 of the Agreement provides:

> 3.2  Restrictions on Competition.  Employee agrees that for 12 months following the termination of Employee's employment, he or she shall not, directly or indirectly, accept employment with or perform, represent, solicit, sell, render services for, or obtain any ownership interest in (except for incidental purchases of registered

> securities for investment purposes) any commercial/industrial roofing/flooring contractor in direct competition with the Company within a Restricted Area or Market which in whole or in part sells or attempt to sell any products or services which are the same as, or similar to any products or services sold by the Company. For purposes of this Agreement, "Restricted Are or Market" means the geographic District(s) in which the Employee was employed or assigned by the Company during any portion of the three year period preceding the Employee's termination of employment.

[*See* Exhibit A at ¶ 3.2.]

12. The Agreement also contains the following prohibition:

> 3.3 Restrictions on Solicitation of Customers and Suppliers. Employee agrees that for 12 months following the termination of Employee's employment, he or she shall not, directly or indirectly, solicit the trade of, or trade with, any customer, prospective customer, or supplier of the Company for roofing/flooring products and services with whom the Employee had contact during his or her employment with the Company. For purpose of this Agreement, "prospective customer" will include any customer, person or other business entity, contacted by Company during Employee's employment with Company.

[*See* Exhibit A at ¶ 3.3.]

13. Hansen has recently received, and accepted, an offer of employment to work as an Accounts Manager with a company engaged in the roofing business. Under the terms of employment with his new employer, Hansen will be employed by a new employer in the State of California, continue to reside in California and, to the best of Plaintiff's best information and belief, will be assigned to employment duties in California only.

14. Though Hansen believes the aforementioned noncompetition and nonsolicitation provisions of the Agreement to be void and unenforceable under California law, upon information and belief, Centimark will take the position that Hansen's new employment is a violation of the Agreement by Centimark. Accordingly, Hansen seeks a determination from the Court regarding the enforceability of paragraphs 3.2 and 3.3 of the Agreement, and an injunction prohibiting Centimark from seeking to enforce the Agreement against him or his putative new employer.

1    15.    Until a determination on the enforceability of such provisions is made, Hansen is
2   at risk of a potential enforcement action by Centimark of the purported obligations of the
3   Agreement.

4                         **COUNT ONE - DECLARATORY RELIEF**

5    16.    Paragraphs 1 through 15 are incorporated herein by reference as though fully set
6   forth herein.

7    17.    The aforementioned post-termination obligations of the Agreement are void and
8   unenforceable pursuant to California Business and Professions Code § 16600.

9    18.    The provisions are also unenforceable because of their overbroad scope, including
10   their geographical and temporal scope.

11    19.    The issue as to the enforceability of the terms of the Agreement presents an actual
12   controversy under California Civil Code of Civil Procedure § 1060.

13                         **COUNT TWO - INJUNCTION**

14    20.    Paragraphs 1 through 19 are incorporated herein by reference as though fully set
15   forth herein.

16    21.    Under California law, the post-employment restrictions in the Agreement are
17   unenforceable. In an enforcement action relating to such provisions, Hansen and/or his putative
18   new employer would be likely to prevail upon the merits, and any such action would cause
19   irreparable harm to Hansen by improperly interfering with his livelihood.

20    22.    Accordingly, equity requires that Centimark should be barred and enjoined from
21   bringing any action against Hansen or any future employer of Hansen based on an allegation that
22   any such provisions have been breached.

23                         **PRAYER FOR RELIEF**

24    WHEREFORE, Plaintiff respectfully request that this Court:

25    1.    Enter a Judgment declaring that paragraphs 3.2 and 3.3 of the Agreement are void
26   in their entirety under California Business and Professions Code § 16600;

27

28

QUARLES & BRADY    QBACTIVE\6197184.2          -4-
LLP
ATTORNEYS AT LAW                    COMPLAINT

1    2.    Issue a temporary and permanent injunction prohibiting Centimark from pursuing

2    enforcement of any post-employment restrictions in the Agreement against Hansen and/or

3    Hansen's putative new employer;

4        3.    Award Plaintiff's costs and attorney's fees to the extent permitted by law; and

5

6        4.    Grant such other relief as the Court deems just and proper.

7

8    Dated: April 22, 2008                QUARLES & BRADY LLP
                                          One Renaissance Square
9                                         Two North Central Avenue
                                          Phoenix, AZ 85004-2391
10

11

12                                  By: _____
                                          Charles W. Herf
13                                        Attorneys for Plaintiff
                                          Patrick Hansen

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUARLES & BRADY       QBACTIVE\6197184.2                    -5-
LLP
ATTORNEYS AT LAW                                        COMPLAINT

# EXHIBIT "A"

## EMPLOYMENT AND NONCOMPETITION AGREEMENT

This Employment and Noncompetition Agreement (the "Agreement") is made effective as of the 31st day of January, 2003 by and between **PATRICK HANSEN** of 11657 Amarillo Court, Dublin, CA 94568 ("Employee") and CENTIMARK CORPORATION and its present and future parents, subsidiaries, and affiliated companies (the "Company"). In consideration of the employment, compensation, benefits, wage increases, promotions, and job training and career advancement opportunities, which Employee may receive from time to time from the Company, Employee understands, agrees, and acknowledges that:

### 1.  EMPLOYMENT.

1.1    Employment Agreement.  Employee's employment shall commence on January 31, 2003. Employee shall be employed as a National Accounts Manager.  The Company may make changes to Employee's position and job duties as it sees fit, including the times and places for the performance of such duties. Employee shall devote his or her full time, ability, and attention to the business of the Company. Employee represents to Employer that Employee has no other outstanding commitments inconsistent with any of the terms of this agreement or the services to be rendered under it.  During Employee's employment with the Company, he or she shall not be employed by any entity other than the Company or engage in any other business without the prior written consent of Corporate Human Resources. The provisions of Sections 2 and 3 of this Agreement are applicable regardless of the time, manner, or reason the Employee's employment ends.

1.2 .   Compensation   Employee's initial semi-monthly base compensation shall be $3,750.00 which if annualized equals $90,000.00. This initial base compensation may be adjusted from time to time by the Company, in conjunction with changes in its practices, or changes in the Employee's position, job duties and/or places for the performance of such duties.

1.3    Employment-at-Will.  Employee is and shall at all times remain an employee-at-will, meaning either the Company or the Employee may terminate the employment relationship at any time, for any reason, with or without notice. No contract contrary to the preceding sentence shall be effective unless it is in writing and signed by an officer of the Company.

1.4    Rules and Policies.   Employee shall conform to and follow the policies and rules of conduct of the Company, some of which may be contained in an employee handbook.  The Company is not obligated to maintain any policy, and the Company reserves the exclusive right to modify, interpret, or eliminate any policy at any time.

### 2.   COMPANY PROPERTY AND CONFIDENTIAL INFORMATION.

2.1    Company Property.   During employment, Employee may have access to various materials, documents, records and Confidential Information, as hereafter described, that concern the Company's business, including, without limitation, any business records which Employee may create or assemble, policy or procedure statements, correspondence, memoranda, plans,

1

proposals, computer hardware, software or data, customer lists, marketing and sales documents, financial or legal documents or records, reports, drawings, formulations, blueprints, notebooks, designs, samples, prototypes, proposals, inventory, and equipment ("Company Property"). Employee agrees not use any Company Property for personal gain or in any manner that might be adverse to the Company's interests. At any time upon the Company's demand and in any event on or before the date upon which Employee's employment terminates, Employee shall return all Company Property that is in Employee's possession, custody, or control. No copies shall be made by Employee, or retained by Employee, whether or not developed by Employee. Upon the termination of Employee's employment with Centimark, for any reason, or upon demand by Centimark, all Confidential and/or Proprietary Information, including written notes, memoranda, or notes taken by Employee and all tangible materials, including, without limitation, correspondence, drawings, blueprints, manuals, letters, notebooks, reports, flow-charts, programs and proposals shall be returned to Centimark. No copies will be made by Employee, or retained by Employee, of any written information obtained, whether or not developed by Employee.

2.2    Confidential Information. During employment, the Company may disclose to Employee trade secrets and other confidential and/or proprietary information (collectively "Confidential Information"). Such Confidential Information includes, without limitation, (a) technical information, such as methods, research or development projects, processes, formulas, compositions, data, computer programs, hardware, software, and inventions, (b) business information, such as development or marketing plans or strategies, competitive intelligence, supplier information, promotional programs, financial or legal information, sales information, correspondence, proposals, account and pricing information, and customer information, including the names of the Company's customers, purchasing and payment histories, client contacts, and potential or prospective customer information, (c) personnel information, such as employee lists, (d) information disclosed to the Company by others in confidence, and (e) any other information of a similar nature that is not known or made available to the public or to the Company's competitors. Confidential Information at all times is the exclusive property of the Company.

2.3    Copyright or Patentable Work or Inventions.    Employee acknowledges that his or her duties may include the preparation of materials, including written or graphic materials, and that such materials conceived or written by him or her shall be done as "work made for hire" as defined and used in the Copyright Act of 1976. In the event of publication of such materials, Employee understands that since the work is a "work made for hire," the Company will solely retain and own all rights in said materials, including right of copyright, and that the Company may, at its discretion, grant Employee by-line credit on such materials as the Company may deem appropriate. Employee shall disclose promptly to the Company any and all works, inventions, discoveries and improvements authored, conceived or made by Employee during employment and related to the business or activities of the Company. Whenever requested to do so by the Company, Employee shall execute any and all applications, assignments, or other instruments which the Company shall deem necessary to apply for and obtain patents or copyrights of the United States or any foreign country or to otherwise protect the Company's interest therein.    Such obligations shall continue beyond the termination of employment, and

2

shall be binding upon Employee's assigns, executors, administrators, and other legal representatives.

2.4    Obligation of Non-Disclosure.    Except as authorized in writing by the Company, Employee shall not, during employment nor following the termination of employment, disclose any Confidential Information and/or Company Property to any third person (including any other employee who does not need to know same).  Furthermore, Employee shall use Confidential Information and/or Company Property only as required by his or her duties to the Company or by law, unless Employee first obtains the written consent of an officer of the Company.

3.    COVENANT NOT TO COMPETE/NOT TO SOLICIT.
3.1    Restrictions on Solicitation of Employees.    During Employee's employment with the Company and for 12 months after Employee's termination from employment, Employee will not directly or indirectly solicit or induce or attempt to solicit or induce any other employee of the Company to leave his or her employment with the Company; or hire or recruit or attempt to hire or recruit any employee of the Company for any employment in a line of business competitive with that conducted by the Company.

3.2    Restrictions on Competition.    Employee agrees that for 12 months following the termination of Employee's employment, he or she shall not, directly or indirectly, accept employment with or perform, represent, solicit, sell, render services for, or obtain any ownership interest in (except for incidental purchases of registered securities for investment purposes) any commercial/industrial roofing/flooring contractor in direct competition with the Company within a Restricted Area or Market which in whole or in part sells or attempt to sell any products or services which are the same as, or similar to any products or services sold by the Company.  For purposes of this Agreement, "Restricted Area or Market" means the geographic District(s) in which the Employee was employed or assigned by the Company during any portion of the three year period preceding the Employee's termination of employment.

3.3    Restrictions on Solicitation of Customers and Suppliers.    Employee agrees that for 12 months following the termination of Employee's employment, he or she shall not, directly or indirectly, solicit the trade of, or trade with, any customer, prospective customer, or supplier of the Company for roofing/flooring products and services with whom Employee had contact during his or her employment with the Company.  For purpose of this Agreement, "prospective customer" will include any customer, person or other business entity, contacted by Company during Employee's employment with Company.

3.4    Reasonable Covenants.    Employee acknowledges that the Company has a legitimate business interest in preventing Employee from engaging in activities competitive with the Company.  The Employee represents and warrants to the Company that following any termination, the Employee's experience and capabilities are such that he/she can obtain employment in business without breaching the terms and conditions of this Section 3.  In the event that any of the provisions contained in this Agreement should be deemed to exceed the limitations permitted by applicable laws, Employee agrees that a court having jurisdiction may

3

reform the provisions to the maximum time, geographic area, and activity limitations permitted by applicable law.

**4.    CONSTRUCTION OF AGREEMENT.**

4.1    Enforcement of Covenants.  Employee acknowledges that a breach of this Agreement would be material and that the Company would be irreparably harmed if any of the covenants provided in this Agreement were not specifically enforced.  Accordingly, the Company will be entitled to injunctive relief for the purpose of restraining Employee from violating these covenants and the Company shall be entitled to recover its reasonable attorneys' fees required to enforce the covenants.  In the event that such an injunction is entered, the periods established in Section 3 of this Agreement will begin on the date of the injunction, rather than on the date of Employee's termination of employment.

4.2    Assignment and Waiver.  This is an agreement for my personal services and may not be assigned by me.  The Company may assign this Agreement to any affiliated corporation or a successor-in-interest.  Any waiver of a breach of this Agreement will not constitute a waiver of any future breach, whether of a similar or dissimilar nature.

4.3    Governing Law.  This Agreement will be governed by and interpreted in accordance with the laws of the State of Pennsylvania.

4.4    Entire Agreement.  This Agreement and any exhibits contain the complete agreement between the Company and me with respect to my employment.  No representations have been made to me to induce me to execute this agreement except those made herein.  I have read this entire Agreement, I fully understand its terms, and I have had ample time to consider its terms.  This Agreement may be modified or waived only by a writing signed by both the Company and me.

4.5    Notices.  All notices, demand or other communications, which may be, or are required to be given with respect to this Agreement shall be in writing, shall be given either by personal delivery, mail, telecopy or other similar delivery system, and shall be deemed to have been delivered or to have been given when personally delivered, when deposited in mail, first class postage prepaid or when delivered to the telecopying device or Company and addressed to the Company or Employee respectively.

EMPLOYEE ACCEPTANCE:

_____
Signature of Employee

1 / 30 / 03
_____
Date of Signing

_____
Signature of Witness

CENTIMARK CORPORATION

By: _____
Timothy M. Dunlap
President & COO

7-18-03
_____
Date of Signing
Attest: _____

4

### Superior Court of California, County of Contra Costa

## NOTICE TO PLAINTIFFS
In Limited Jurisdiction Civil Actions

### AFTER YOU FILE YOUR COURT CASE:

**1. Have the forms the clerk gives you served on all defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants (Local Court Form CV-659b)
   e. Blank: Case Management Statement (Judicial Council form CM-110)
   f. Blank: Issue Conference Statement (Local Court Form CV-659c)
   g. Blank: Stipulation to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-659d)
   h. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-659e)

> You may also fill out a Case Questionnaire for Limited Civil Cases (Judicial Council form DISC-010) to help organize your case information. If you do, then you must serve the completed form and a blank copy of the form on the defendant(s). Be sure to keep copies of everything you have served. You do not file this form at court.

**2.** Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the ***Proof of Service*** form (POS-040) (completed by the person who did the service) with the court

**3. Go to the case management conference on the date indicated on** The Notice of Case Management Conference.

**4. Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information; visit *www.cc-courts.org/adr* or call (925) 957-5787.

**5. You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the Stipulation to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

CV-659a/Rev. 5-07

## Superior Court of California, County of Contra Costa

## NOTICE TO DEFENDANTS
### In Limited Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

    a.   The Summons

    b.   The Complaint

    c.   The Notice of Case Management Conference (shows hearing date and time)

    d.   Blank: Case Management Statement   (Judicial Council Form CM-110)

    e.   Blank: Issue Conference Statement     (Local Court Form CV-659c)

    f.   Blank: Stipulation to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-659d)

    g.   Alternative Dispute Resolution (ADR) Information sheet   (Local Court Form CV-659e)

    h.   Blank Case Questionnaire for Limited Civil Cases   (Judicial Council Form DISC-010)

            **NOTE:** If the plaintiff served a completed *Case Questionnaire* together with the blank form, you **must** fill out the blank form and serve it on the plaintiff.

---

 ## WHAT DO I DO NOW? 

**You must:**

1. **Prepare your response.**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the *Case Management Statement (CM-110)***

3. **File and serve your court papers on time**     Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**     by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5. **Go to court**   on the date and time given in the *Notice of Case Management Conference.*

6. **Consider trying to settle your case before trial**     If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR Information, visit www.cc-courts.org/adr or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

CV-659b/Rev. 05/2007

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE (Amount demanded exceeds $25,000)   ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:          Time:          Dept.:          Div.:          Room:

Address of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    (describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

CASE MANAGEMENT STATEMENT

Page 1 of 4

Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**10. d.** The party or parties are willing to participate in *(check all that apply):*
- (1) ☐ Mediation
- (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
- (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
- (4) ☐ Binding judicial arbitration
- (5) ☐ Binding private arbitration
- (6) ☐ Neutral case evaluation
- (7) ☐ Other *(specify):*

- e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
- f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
- g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
- a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
- b. Reservation of rights: ☐ Yes ☐ No
- c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**
- a. ☐ There are companion, underlying, or related cases.
  - (1) Name of case:
  - (2) Name of court:
  - (3) Case number:
  - (4) Status:
  ☐ Additional cases are described in Attachment 14a.
- b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110 [Rev. January 1, 2007]　**CASE MANAGEMENT STATEMENT**　Page 3 of 4

### DO NOT FILE WITH THE COURT
**THIS IS NOT AN ANSWER OR RESPONSE TO THE COMPLAINT**

DISC-010

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| PLAINTIFF *(Name):* | CASE NUMBER |
| DEFENDANT *(Name):* | |

### CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES
### (Under $25,000)

REQUESTING PARTY *(Name):*

RESPONDING PARTY *(Name):*

### —INSTRUCTIONS—

A. The purpose of the case questionnaire is to help the parties settle their differences without spending a lot of money. This is accomplished by exchanging information about the case early in the lawsuit. The exchange of case questionnaires may be started only by a plaintiff (or cross-complainant) in a limited civil case. The case questionnaire is optional, and if plaintiff (or cross-complainant) exercises the option, only this form may be used.

B. **Instructions for plaintiffs (and cross-complainants)**

1. Under Code of Civil Procedure section 93, a plaintiff (or cross-complainant) may serve a completed case questionnaire and a blank questionnaire with a complaint (or cross-complaint).

2. This is the only way you can require defendants (or cross-defendants) to serve you with a completed case questionnaire.

C. **Instructions for defendants (and cross-defendants)**

1. If you have been served with a completed case questionnaire by a plaintiff (or cross-complainant), then you must fill in the blank case questionnaire. Your completed case questionnaire must be served on that same plaintiff (or cross-complainant) with your answer to the complaint (or cross-complaint).

2. **THIS IS NOT AN ANSWER OR RESPONSE TO THE COMPLAINT.**

D. **Instructions for all parties**

1. ALL QUESTIONS REFER TO THE INCIDENT OR AGREEMENT IN THIS LAWSUIT ONLY.

2. Answer each question. If a question is not applicable, answer "NA."

3. Your answers are not limited to your personal knowledge, but you are required to furnish information available to you or to anyone acting on your behalf, whether you are a plaintiff, defendant, cross-complainant, or cross -defendant.

4. Type or legibly print your answer below each question. If you cannot completely answer a question in the space provided on the case questionnaire, check the "attachment" box and put the number of the question and the complete answer on an attached sheet of paper on form MC-025. You should *not* put part of an answer on the case questionnaire and part on the attachment. You may put more than one answer on each attached page.

5. When you have completed the case questionnaire, sign the verification and serve the original.

6. You may compel compliance with these requirements under Code of Civil Procedure section 93.

7. DO NOT FILE THIS CASE QUESTIONNAIRE WITH THE COURT.

Form Adopted for Mandatory Use
Judicial Council of California
DISC-010 [Rev. January 1, 2007]

**CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES**
**(Under $25,000)**

Code of Civil Procedure, § 93
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

## DO NOT FILE WITH THE COURT

DISC-010

| PLAINTIFF (Name): | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): | |

1. f. Describe each item of physical evidence that relates to the issues and facts; give its location; and state the name, street address, and telephone number of each person who has it.

☐ See attachment for answer number 1f.

g. State the name and street address of each insurance company and the number of each policy that may cover you in whole or part for the damages claimed.

☐ See attachment for answer number 1g.

2. FOR PERSONAL INJURY OR PROPERTY DAMAGE CASES

a. Describe each injury or illness that you received and your present complaints about each.

☐ See attachment for answer number 2a.

b. State the name, street address, and telephone number of each physician, dentist, or other health care provider who treated or examined you; the type of treatment; the dates of treatment; and the charges by each to date.

☐ See attachment for answer number 2b.

c. Itemize the medical expenses you anticipate in the future.

☐ See attachment for answer number 2c.

d. Itemize your loss of income to date, give the name and street address of each source, and show how the loss is computed.

☐ See attachment for answer number 2d.

DISC-010 [Rev. January 1, 2007]

**CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES**
**(Under $25,000)**

Page 3 of 4

|  | FOR COURT USE ONLY |
|---|---|
| ATTORNEY/PRO PER FOR:<br><br>*Superior Court of California, County of Contra Costa.*<br>☐ CONCORD  ☐ MARTINEZ  ☐ PITTSBURG  ☐ RICHMOND  ☐ WALNUT CREEK<br><br>PLAINTIFF:<br><br>DEFENDANT: |  |

| ISSUE CONFERENCE STATEMENT | CASE NUMBER: |  |
|---|---|---|
| DATE: | DEPARTMENT: | TIME: |

Please provide a brief narrative statement regarding the following:

1) Description of your claims or defenses and facts and law on which they are based. Include extent of injuries, contentions regarding liability, any unusual evidentiary or legal issues anticipated at trial, and all matters of fact believed by any party to be appropriate for stipulation.

2) All witness lists, which includes a brief statement of anticipated testimony.

3) Has previously stated estimated length of trial changed? If yes, what is the estimated length of trial?

CV-659c/Rev. 05/2007

04/24/2008  07:30   925-945-1771              CARSON ATTORNEY SVC                    PAGE  24/26

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____
_____ Plaintiff(s)
                    vs.

_____          **Stipulation to Attend ADR and Delay First**
_____          **Case Management Conference 90 Days**
                    Defendant(s)

Case No.:_____ Date complaint filed: _____ First case management conference set for: _____

> ▶ ALL PARTIES MUST SIGN THIS FORM AND MUST FILE THIS STIPULATION, WITH CASE MANAGEMENT
>   STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE
>
> ▶ PARTIES MUST ALSO SEND A COPY OF THIS FORM TO THE ADR OFFICE:
>   FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553
>
> ▶ THIS STIPULATION MAY NOT BE USED IN COMPLEX LITIGATION CASES

Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court
3.724, and have selected the following alternative dispute resolution (ADR) process: [check ☒one]:

☐  Judicial mediation            ☐  Judicial arbitration          ☐  Neutral case evaluation
☐  Private mediation             ☐  Private arbitration

COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS AND CERTIFY;

1.  This is not a complex civil case (as described in California Rules of Court, Rule 3.400);
2.  All parties have been served and intend to submit to the jurisdiction of the court;
3.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4.  Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5.  Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped
    copies to counsel and the parties;
6.  Case Management Conference Statements are submitted with this Stipulation;
7.  All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8.  All parties know the court will not allow more than 90 days to complete ADR.

_____ | _____        _____ | _____
Counsel for Plaintiff  (print)      Fax           Counsel for Defendant  (print)      Fax

_____                     _____
Signature                                       Signature

_____ | _____        _____ | _____
Counsel for Plaintiff  (print)      Fax           Counsel for Defendant  (print)      Fax

_____                     _____
Signature                                       Signature

THIS SECTION WILL BE COMPLETED BY THE COURT CLERK ONLY,

The Case Management Conference set for _____ is vacated and rescheduled for _____ at:
            ☐  8:30 a.m.        ☐  1:30 p.m.          ☐

PLAINTIFF'S COUNSEL MUST NOTIFY ALL PARTIES OF THE CASE MANAGEMENT CONFERENCE.

CV-655d/Rev. 05/2007                                      Local Court Rules, Rule 5 (h)(1)(a)(5)



### CONTRA COSTA COUNTY SUPERIOR COURT
### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (CM-110)*;
- File a *Stipulation to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Call (925) 957-5787, or go to www.cc-courts.org/adr

### MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

### TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 3.900-3.910 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

### SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

### COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

CV-659a/Rev. 05/2007

1

## CERTIFICATE OF SERVICE

2

3          I, Agnes A. Gacayan, certify and declare as follows:

4          I am over the age of 18 years and not a party to this action.

5          My business address is Squire, Sanders & Dempsey, LLP, One Maritime Plaza, Suite 300,

6    San Francisco, California 94111-3492, which is located in the city, county and state where the

7    mailing described below took place.

8          On May 23, 2008, I deposited in the United States Mail at San Francisco, California, a

9    copy of the **CIVIL COVER SHEET AND NOTICE OF REMOVAL OF ACTION UNDER**

10    **28 U.S.C. §§ 1441 (b) (DIVERSITY),** a copy of which is attached to this Certificate addressed

11    as follows:

12          Charles W. Herf, Esq.
           Quarles & Brady LLP
13          Renaissance One, Two North Central Avenue
           Phoenix, AZ 85004-2391
14

15          I declare under penalty of perjury that the foregoing is true and correct.  Executed in San

16    Francisco, California on May 23, 2008.

17

18                                         _____
                                              Agnes A. Gacayan
19

20

21

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111-
3492

CERTIFICATE OF SERVICE, CASE NO. _____