David A. Gabianelli (State Bar No. 158170)
Andrew L. Chang (State Bar No. 222309)
Squire, Sanders & Dempsey L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone: +1.415.954.0200
Facsimile: +1.415.393.9887
Email: dgabianelli@ssd.com
Email: achang@ssd.com

Attorneys for Defendant
CENTIMARK CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK HANSEN,<br><br>  Plaintiff,<br><br>  vs.<br><br>CENTIMARK CORPORATION,<br><br>  Defendant. | Case No. C-08-2611-EDL<br><br>**DEFENDANT CENTIMARK CORPORATION'S NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING** |

Defendant CentiMark Corporation ("CentiMark"), by and through its undersigned counsel, and in accordance with Local Rule 3–13, files the within Notice of Pendency of Other Action or Proceeding to advise the Court that this action involves the same subject matter and parties as another action pending in the United States District Court for the Western District of Pennsylvania. In particular, CentiMark states as follows.

1.  Plaintiff Patrick J. Hansen ("Hansen") was formerly a National Accounts Manager for CentiMark, one of North America's largest roofing contractors headquartered in Pittsburgh, Pennsylvania.

2.  Because Hansen would have access to, and further develop, CentiMark's trade secret and confidential business information — including its marketing strategies and practices, pricing practices, and customer purchasing information — CentiMark required him to sign an employment agreement containing certain post–employment restrictive covenants.

3. Hansen's employment contract provides that, for one year after termination of employment from CentiMark, he is prohibited from, among other things, entering into employment with a "commercial/industrial roofing/flooring" contractor that directly competes with CentiMark by selling the same or similar products or services in the "geographic District(s)" in which he was employed or assigned in the three year period preceding his termination. The contract further prohibits him from soliciting the trade of, or trading with, any of CentiMark's customers, prospective customers, or suppliers for products and services with whom he had contact during his employment with CentiMark for one year. It also prohibits him from disclosing CentiMark's trade secrets and/or confidential information.

4. Hansen's employment agreement expressly states that it is governed by the laws of the Commonwealth of Pennsylvania.

5. Hansen and another National Accounts Manager, Vincent J. Vitek ("Vitek"), simultaneously resigned from CentiMark on April 21, 2008. Vitek is subject to similar non–competition and non–disclosure obligations which are set forth in his written employment agreement with CentiMark.

6. Hansen and Vitek both immediately joined Tecta America Corp. ("Tecta"), one of CentiMark's primary competitors in the commercial roofing industry, as national accounts managers.

A. **Description of This Action**

7. On April 22, 2008, the day after Hansen and Vitek resigned, the President and Chief Executive Officer of Tecta telephoned CentiMark to discuss their employment with Tecta.

8. CentiMark stated that it was exploring its options, including but not limited to a potential lawsuit against Hansen, Vitek, and Tecta, to enjoin their misconduct.

9. The following day — on April 23, 2008 — Hansen, represented by the attorney he shares with Tecta, preemptively sued CentiMark by filing his cursory, 22–paragraph Complaint for Declaratory and Injunctive Relief.

10. Despite the fact that his employment agreement expressly states that it is governed by Pennsylvania law, Hansen seeks a declaration that the contract's restrictive covenants are

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111-3492

1 unenforceable under *California* law.

2   11.   Hansen also purports to seek injunctive relief to prevent CentiMark from
3 attempting to enforce the restrictive covenants to which he voluntarily agreed. A full month has
4 passed since Hansen filed his Complaint, however, and he has not filed a motion seeking a
5 preliminary injunction.

### B.   Description of The Other Action

12.   On April 30, 2008, CentiMark filed a Verified Complaint in the United States District Court for the Western District of Pennsylvania styled as *CentiMark Corporation v. Tecta America Corp., Vincent J. Vitek, and Patrick J. Hansen*, Civil Action No. 08–0593 (the "Pennsylvania Action").

13.   CentiMark alleges that Hansen has breached, and will continue to breach, the non–competition and non–disclosure provisions of his employment agreement. CentiMark further asserts causes of action against Hansen for misappropriation of trade secrets, tortious interference with contract and prospective business relations, unfair competition, breach of fiduciary duties, civil conspiracy, and unjust enrichment.

14.   CentiMark alleges that Vitek also breached the restrictive covenants contained in his employment agreement with CentiMark, committed similar tortious conduct, and unlawfully conspired with Hansen and Tecta.

15.   CentiMark alleges that Tecta breached a letter agreement that it signed in March of 2007 with CentiMark, while the parties were conducting due diligence to explore a potential transaction, by soliciting Hansen and Vitek. CentiMark further asserts causes of action against Tecta for inducing Hansen and Vitek to breach their fiduciary duties, misappropriation of trade secrets, tortious interference with contract and prospective business relations, unfair competition, breach of fiduciary duties, civil conspiracy, and unjust enrichment.

16.   On May 2, 2008 — just days after filing its Verified Complaint in the Pennsylvania Action — CentiMark filed the following motions:

- Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction;
- Memorandum of Law in Support of Motion for Temporary Restraining Order and

Preliminary Injunction;

- Motion for Hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction;
- Plaintiff's Motion for Order of Court Directing Preservation of Documents, Software and Things; and
- Plaintiff's Motion for Expedited Discovery.

17. CentiMark attached, as Exhibits A through L to its Motion for Expedited Discovery, copies of the interrogatories, requests for production of documents, requests for admission, and deposition notices that it desires to serve on an expedited basis.

18. After service was effectuated upon all three of the defendants, the Pennsylvania Action proceeded. The case was assigned to a Magistrate Judge, who conducted a telephonic status conference on May 16, 2008.

19. Hansen, Vitek, and Tecta are each represented by the law firm of Quarles & Brady LLP in the Pennsylvania Action. This law firm also represents Tecta in other matters, and filed the Complaint on behalf of Hansen in this action.

20. The parties in the Pennsylvania Action promptly negotiated the terms of an order requiring them to preserve documents in conjunction with the Pennsylvania Action, which the court entered on May 20, 2008.

21. The court scheduled a hearing on CentiMark's Motion for Temporary Restraining Order for the afternoon of May 27, 2008. The court also entered an order imposed deadlines for the parties to file responses, proposed findings of fact and conclusions of law, and affidavits or other evidence in preparation for the hearing.

22. All parties in the Pennsylvania Action subsequently negotiated a mutually–agreeable interim Consent Order to govern their conduct until such time that the court rules on CentiMark's motion for a preliminary injunction. Accordingly, the parties filed a Stipulation to Vacate Orders Involving Plaintiff's Motion for Temporary Restraining Order and Enter an Interim Consent Order on May 23, 2008.

23. The Consent Order was entered by the court in the Pennsylvania Action on May

23, 2008. It governs the actions of all defendants - Hansen, Vitek, and Tecta - until such time as the court orders otherwise. All parties are expected to commence discovery in preparation for a preliminary injunction hearing.

### C. This Action Should Be Dismissed or, in the Alternative, Either Consolidated With or Stayed Pending the Resolution of the Pennsylvania Action

24. Hansen filed this preemptive declaratory judgment action in a transparent attempt to beat CentiMark to the courthouse and chose the forum in which to litigate *CentiMark's* action for breach of contract.

25. The single issue to be resolved in this action — the enforceability of the restrictive covenants in Hansen's employment agreement, which are expressly governed by Pennsylvania law — is squarely at issue in the Pennsylvania Action.

26. In nearly identical circumstances, also involving an employment agreement containing post-employment covenants, this Court dismissed an employee's declaratory judgment lawsuit filed immediately after his former employer advised that it intended to sue him. *Schmitt v. JD Edwards World Solutions Co.*, No. C01–1009–VRW, 2001 WL 590039, at *3 (N.D. Cal. May 18, 2001). The Court explained:

> If a court is faced with two suits, a first filed declaratory relief action and a subsequent coercive suit filed in a different court, and the court determines that the declaratory suit is a preemptive suit meant to deprive the natural plaintiff of the forum of his choice, the court should dismiss or stay the declaratory suit. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *Moore's* [James W. Moore, *Moore's Federal Practice*] at § 57.42[3]. This prevents forum shopping by a declaratory plaintiff who files suit in anticipation of being sued by a natural plaintiff.

*Schmitt*, 2001 WL 590039, at *2.

27. In addition, unlike this action, the Pennsylvania Action will resolve all of CentiMark's related misappropriation of trade secrets, breach of fiduciary duties, and unfair competition claims against Hansen. *See id.* at *3 (dismissing California declaratory judgment action where "it appears that the [other] action is the broader of the two cases").

28. CentiMark's Motion for Temporary Restraining Order to prevent Hansen from working for Tecta and using/disclosing CentiMark's trade secrets and confidential business

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111-3492

NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING, CASE NO. C-08-2611-EDL

1  information is moving forward expeditiously in the Pennsylvania Action.

2  29. If this action proceeds, CentiMark will be forced to simultaneously pursue its related claims against the three members of a conspiracy in separate courts. The dismissal, transfer, or stay of this action is necessary to avoid conflicts, conserve judicial resources, and promote the efficient determination of the parties' dispute.

30. If necessary, CentiMark will file a motion to dismiss this action or, in the alternative, transfer it for coordination with or stay it pending the resolution of, the Pennsylvania Action.

Dated: May 23, 2008

Respectfully submitted,

Squire, Sanders & Dempsey L.L.P.

By: _____
David A. Gabianelli

Attorneys for Defendant
CENTIMARK CORPORATION

OF COUNSEL:
Peter S. Russ
Gregory J. Krock
Buchanan Ingersoll & Rooney
One Oxford Centre
301 Grant St., 20th Floor
Pittsburgh, PA 15219-1410
Telephone:  +1.412.562.8800
Facsimile:   +1.412.562.1041

NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING, CASE NO. _____

# CERTIFICATE OF SERVICE

I, Agnes A. Gacayan, certify and declare as follows:

I am over the age of 18 years and not a party to this action.

My business address is Squire, Sanders & Dempsey, LLP, One Maritime Plaza, Suite 300, San Francisco, California 94111-3492, which is located in the city, county and state where the mailing described below took place.

On May 23, 2008, I deposited in the United States Mail at San Francisco, California, a copy of the **DEFENDANT CENTIMARK CORPORATION'S NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING** attached to this Certificate addressed as follows:

Charles W. Herf, Esq.
Quarles & Brady LLP
Renaissance One, Two North Central Avenue
Phoenix, AZ 85004-2391

I declare under penalty of perjury that the foregoing is true and correct. Executed in San Francisco, California on May 23, 2008.

*/s/ Agnes A. Gacayan*