Otto W. Immel
QUARLES & BRADY LLP
1395 Panther Lane, Suite 300
Naples, FL  34109
Phone: (239) 659-5041
Fax: (239) 213-5449
oimmel@quarles.com
*Admitted Pro Hac Vice*

Steven B. Sacks, Calif. State Bar No. 98875
Sheppard, Mullin, Richter & Hampton LLP
Four Embaccadero Center
17th Floor
San Francisco, CA 94111
Phone: 415-434-9100
CA State Bar No. 98875

*Attorneys for Plaintiff Patrick Hansen*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICK HANSEN,<br><br>                    Plaintiff,<br><br>v.<br><br>CENTIMARK CORPORATION,<br><br>                    Defendant. | Case No.  C-08-2611-SI<br><br>Assigned to the Honorable Susan Illston<br><br><br>**AMENDED COMPLAINT** |

Plaintiff Patrick Hansen ("Plaintiff" or "Hansen"), by and through undersigned counsel, for his Amended Complaint against Defendant CentiMark Corporation ("CentiMark") hereby alleges as follows:

## THE PARTIES

1.      Plaintiff Patrick Hansen is a resident of San Ramon, California and has resided in the State of California at all relevant times.

2. Defendant CentiMark Corporation is a Pennsylvania corporation with its principal place of business located in Canonsburg, Pennsylvania.

3. The acts and events which give rise to this action occurred within the County of Contra Costa and are governed by California law.

## GENERAL ALLEGATIONS

4. CentiMark is a roofing contractor with offices located throughout North America.

5. CentiMark markets, sells, and installs a private-label roofing system, primarily to commercial and industrial customers engaged in remodeling and rehabilitation projects.

6. Hansen was hired by CentiMark in January 2003 as a National Accounts Manger and remained employed in this position until he resigned on April 21, 2008.

7. Throughout his employment with CentiMark, Hansen worked in California and was responsible for customer service, sales, and marketing in California.

8. At the commencement of his employment with CentiMark, and as a condition thereof, Hansen was required to sign an "EMPLOYMENT AND NONCOMPETITION AGREEMENT" ("Agreement") with CentiMark.  A copy of the Agreement is attached hereto as Exhibit A.

9. The Agreement contains provisions which purport to restrict Hansen's employment opportunities following the termination of his employment from CentiMark.

10. For example, paragraph 3.2 of the Agreement provides:

> 3.2  Restrictions on Competition.  Employee agrees that for 12 months following the termination of Employee's employment, he or she shall not, directly or indirectly, accept employment with or perform, represent, solicit, sell, render services for, or obtain any ownership interest in (except for incidental purchases of registered securities for investment purposes) any commercial/industrial roofing/flooring contractor in direct competition with the Company within a Restricted Area or Market which in whole or in part sells or attempt to sell any products or services which are the same as, or similar to any products or services sold by the Company.  For purposes of this Agreement, "Restricted Are or Market" means the geographic District(s) in which the Employee was employed or assigned by the Company during any portion of the three year period preceding the Employee's termination of employment.

[*See* Exhibit A at ¶ 3.2.]

11. The Agreement also contains the following prohibition:

> 3.3    Restrictions on Solicitation of Customers and Suppliers.
> Employee agrees that for 12 months following the termination of
> Employee's employment, he or she shall not, directly or indirectly,
> solicit the trade of, or trade with, any customer, prospective
> customer, or supplier of the Company for roofing/flooring products
> and services with whom the Employee had contact during his or her
> employment with the Company.  For purpose of this Agreement,
> "prospective customer" will include any customer, person or other
> business entity, contacted by Company during Employee's
> employment with Company.

[*See* Exhibit A at ¶ 3.3.]

12.    Shortly before resigning from CentiMark, Hansen received and accepted an offer of employment to work for Tecta America Corp. ("Tecta"), another roofing company, as a national account manager for its California market.

13.    In light of the non-competition and non-solicitation clauses contained in the Agreement, on April 23, 2008 (just two days after announcing his resignation from CentiMark), Hansen filed this declaratory judgment action in California Superior Court, challenging the clauses under § 16600 of the California Business and Professions Code.

14.    Section 16600 generally voids all non-compete agreements between California employees and their employers and, as the Supreme Court of California recently noted, "protects Californians and ensures that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice."  *Edwards v. Arthur Andersen LLP*, 2008 Cal. LEXIS 9618 (Aug. 8, 2008) (internal quotations omitted).

15.    Despite Hansen's pending suit, on April 30, 2008, CentiMark sued Hansen in the U.S. District Court, District of Pennsylvania for breach of the Agreement ("CentiMark Suit").

16.    In its suit, CentiMark sought an order:

    a.    prohibiting Hansen from working for Tecta;

    b.    prohibiting Hansen from working for any CentiMark competitor;

    b.    prohibiting Hansen from soliciting CentiMark's customers or suppliers; and

c.    prohibiting Tecta from employing Hansen.

17.    On May 12, 2008, Hansen began working for Tecta.

18.    On May 20, 2008, in light of CentiMark's suit, Tecta and Hansen entered into an agreement in which they agreed to limit the manner in which Hansen would execute his duties for Tecta, pending a hearing on CentiMark's request for a preliminary injunction.

19.    On May 23, 2008, CentiMark removed Hansen's suit to this Court.

## COUNT ONE - DECLARATORY RELIEF

20.    Paragraphs 1 through 19 are incorporated herein by reference as though fully set forth herein.

21.    The aforementioned post-termination obligations of the Agreement are void and unenforceable pursuant to California Business and Professions Code § 16600.

22.    The provisions are also unenforceable because of their overbroad scope including, but not limited to, their geographical and temporal scope.

23.    The issue as to the enforceability of the terms of the Agreement presents an actual controversy under California Civil Code of Civil Procedure § 1060 or the Federal Declaratory Judgment Act.

## COUNT TWO - INJUNCTION

24.    Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth herein.

25.    Under California law, the post-employment restrictions in the Agreement are unenforceable.  In an enforcement action relating to such provisions, Hansen would be likely to prevail upon the merits, and any such action would cause irreparable harm to Hansen by improperly interfering with his livelihood.

26.    Accordingly, equity requires that CentiMark be barred and enjoined from pursuing the CentiMark Suit.

**COUNT THREE - TORTIOUS INTERFERENCE**
**WITH PROSPECTIVE ECONOMIC ADVANTAGE/CONTRACT**

27.    Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth herein.

28.    Hansen has an economic relationship with Tecta as his employer.

29.    Prior to Hansen's employment with Tecta, Hansen had a prospective economic relationship with Tecta as a potential employer.

30.    At all relevant times, CentiMark has been aware of these relationships.

31.    Nonetheless, CentiMark took actions which it knew with substantial certainty would interfere with Hansen and Tecta's relationship.

32.    For example, CentiMark sought an order prohibiting Tecta's employment of Hansen and limiting the manner in which Hansen could execute his duties for Tecta.

33.    CentiMark's actions have actually disrupted Hansen and Tecta's relationship.

34.    For example, CentiMark's actions have caused Hansen to enter into an agreement restricting the manner in which he executes his duties for Tecta.

35.    CentiMark's interference is wrongful in that it is based upon an agreement which is unlawful in whole or in part.

36.    CentiMark's actions have caused Hansen economic harm in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Enter a Judgment declaring that paragraphs 3.2 and 3.3 of the Agreement are void in their entirety under California Business and Professions Code § 16600;

2.    Issue a temporary and permanent injunction prohibiting CentiMark from pursuing enforcement of any post-employment restrictions in the Agreement against Hansen and Tecta;

3.    Award Hansen damages caused by CentiMark's unlawful interference;

4.    Award Plaintiff's costs and attorney's fees to the extent permitted by law; and

1

5.      Grant such other relief as the Court deems just and proper.

2

Dated: August 14, 2008                          s/Otto W. Immel

3                                               Otto W. Immel
                                                *Admitted Pro Hac Vice*
4                                               QUARLES & BRADY LLP
                                                1395 Panther Lane, Suite 300
5                                               Naples, FL  34109
                                                Phone:  (239) 659-5041
6                                               Fax:  (239) 213-5449
                                                oimmel@quarles.com
7                                               *Attorney for Plaintiff Patrick Hansen*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28