WILDMAN, HARROLD, ALLEN & DIXON LLP
Clinton J. McCord (CA Bar No. 204749)
9665 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90212
Telephone:   (310) 860-8715
Facsimile:   (310) 860-3815
mccord@wildman.com

Attorneys for Defendant
CENTIMARK CORPORATION

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## (SAN FRANCISCO DIVISION)

| | |
|---|---|
| PATRICK HANSEN,<br><br>                                      Plaintiff,<br><br>vs.<br><br>CENTIMARK CORPORATION,<br><br>                                      Defendant. | Case No. C-08-2611-SI<br><br>**DEFENDANT CENTIMARK CORPORATION'S MOTION FOR ORDER AMENDING THE COURT'S ORDER STAYING PROCEEDINGS** |

## CENTIMARK'S MOTION FOR ORDER AMENDING THE COURT'S ORDER STAYING PROCEEDINGS

On October 28, 2008, the Court issued an Order To Stay Proceedings. The Order provided that counsel for CentiMark shall have seven business days from the removal of the stay to refile a motion to dismiss this action. By the terms of the Order, the stay of this action was automatically removed upon the resolution of Mr. Hansen's motion to dismiss filed in the companion action then pending in the United States District Court for the Western District of Pennsylvania. That motion was resolved and the case was transferred to the Northern District of Illinois on December 23, 2008, where it is currently proceeding (hereafter, the "Illinois

Action").

CentiMark is aware that the deadline in the Court's October 28 Order for re-filing a motion to dismiss has passed. CentiMark respectfully requests that the Court amend its October 28 Order to allow CentiMark to file its motion to dismiss or, in the alternative, stay or transfer this action, which motion CentiMark submits herewith. CentiMark believes that good cause exists for this motion, and the relief requested would be in the interests of justice and would not prejudice any party, for the reasons herein.

CentiMark recently hired new counsel, which counsel did not get the file in this matter until the third week of January, after the deadline to re-file the motion to dismiss had passed. (*See* Declaration of Anthony G. Hopp ("Hopp Decl."), filed concurrently herewith, ¶ 2.) Around the same time, CentiMark engaged in discussions with counsel for Mr. Hansen in connection with the Illinois Action and the possibility of Mr. Hansen voluntarily dismissing his Complaint in this action in favor of litigating all claims in one court. (*Id.*, ¶¶ 3-4.) Although Mr. Hansen has apparently decided to not voluntarily dismiss this action, counsel for CentiMark felt it was important to explore the possibility before seeking to file a motion for dismissal.

CentiMark further submits that good cause exists for the Court to amend its October 28 Order to allow consideration of CentiMark's motion to dismiss this action for the reasons in the motion itself. For the sake of brevity, CentiMark will not reproduce here all of the arguments in the motion to dismiss. But, and as is explained more thoroughly in the motion itself, the circumstances favor consideration of the motion because the possibility of a just and expeditious resolution of these claims would serve the important policy of comity, which is likely one reason the Court issued its October 28, 2008, Order staying these proceedings pending developments in the parallel proceeding. As also explained

fully in the motion to dismiss, CentiMark believes a dismissal would serve to conserve judicial resources and prevent the possibility of conflicting judgments.

Finally, it seems clear that Mr. Hansen would not be at all prejudiced by consideration of CentiMark's motion to dismiss. Despite being filed by Mr. Hansen on April 23, 2008, this action has not progressed beyond the initial pleading stage. And despite his request for injunctive relief in the Amended Complaint, Mr. Hansen has still not moved for any such relief on any expedited basis. And there has been no discovery to date.

In the event the Court decides to not consider CentiMark's motion to dismiss this action, CentiMark requests that the Court consider the motion to the extent, and on the basis that, it requests the alternate relief of a stay or transfer of this action.

WHEREFORE, CentiMark respectfully requests that this Court amend its October 28, 2008, Order staying these proceedings, such that CentiMark may file its motion to dismiss this action.

**DATED:** February 24, 2009.                    Respectfully submitted,

WILDMAN, HARROLD, ALLEN &
DIXON LLP

By: /s/ Clinton J. McCord
     Clinton J. McCord
     Attorneys for Defendant
     CENTIMARK CORPORATION

Centimark motion to
dismiss may be filed.
SO ORDERED



IT IS SO ORDERED

Judge Susan Illston

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA